UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRIGITTE C. TOLLIVER, | § |
| | § |
| Plaintiff, | § |
| VS. | § |
| | § CIVIL ACTION NO. H-04-3777 |
| JOHN E. POTTER, Postmaster General, | § |
| United States Postal Service, | § |
| | § |
| Defendant. | § |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant's motion to dismiss and, in the alternative, for summary judgment on Plaintiff's Title VII employment discrimination claims. After reviewing the parties' filings and the applicable law, the Court finds that the motion, Docket No. 16, should be and hereby is **GRANTED** and that Plaintiff's claims should be and hereby are **DISMISSED WITH PREJUDICE** for failure to exhaust administrative remedies.

**I.    BACKGROUND**

On April 29, 2002, Plaintiff was informed that her employment with the United States Postal Service (USPS) would be terminated effective May 31, 2002, because the USPS had found that she had falsified medical documentation related to a disability-based leave of absence. Plaintiff immediately contacted her union representative and filed a grievance against the USPS, seeking reinstatement by an arbitrator. The arbitrator ruled against Plaintiff in September 2002, and Plaintiff contacted an employment counselor at the Equal Employment Opportunity Commission (EEOC) on November 25, 2002. Plaintiff filed a formal EEOC complaint in January 2003, alleging that her

1

termination was motivated by gender discrimination and retaliation for her prior EEOC activity.

The USPS investigated Plaintiff's discrimination claims and, in March 2003, issued a final decision dismissing her complaint as untimely filed. The EEOC affirmed that final agency decision in May 2004. The EEOC denied Plaintiff's request for reconsideration in June 2004. Plaintiff then filed this suit, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Defendant now moves to dismiss Plaintiff's claims for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1), and for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6).

II.     ANALYSIS

    **A.**     **Legal Standards**

        **1.**     **Summary judgment.**

Defendant's motion is styled as a motion to dismiss pursuant to Rule 12(b)(6). Both parties have, however, attached to their filings evidence outside of the pleadings, thereby converting the motion to a motion for summary judgment governed by Rule 56. *See* FED. R. CIV. P. 12(b). A motion for summary judgment requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. *See* FED. R. CIV. P. 56(c). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir.), *cert. denied*, 534 U.S. 892 (2001) (internal quotation marks

and citation omitted). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could enter a verdict for the non-moving party." *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id*.

### 2. Subject matter jurisdiction.

Title VII requires that a plaintiff seeking to file a discrimination claim first exhaust his or her administrative remedies by filing an EEOC charge. 42 U.S.C. § 2000e-5(f)(1). EEOC regulations, in turn, require an aggrieved person to contact an EEOC counselor, within forty-five (45) days of the allegedly discriminatory act, in an effort to resolve the grievance informally before filing a formal charge. 29 C.F.R. § 1614.105(a)(1). Failure to contact a counselor within the applicable time period constitutes failure to exhaust and deprives federal courts of subject matter jurisdiction over a Title VII claim. *Randel v. United States Dep't of the Navy*, 157 F.3d 392, 395 (5th Cir. 1998).

> EEOC regulations mandate an extension of the forty-five-day period:
>
> when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

*Id.* § 1614.105(a)(2). The Court reviews *de novo* the EEOC's decision not to extend the period. *Teemac v. Henderson*, 298 F.3d 452, 455 (5th Cir. 2002).

The Court itself may also, under certain circumstances, toll the limitation period for exhaustion of a Title VII claim. Equitable tolling is appropriate:

> (1) during the pendency of an action before a state court that has jurisdiction over the subject matter of the suit, but that is the wrong forum under state law; (2) until the claimant knows or should know the facts giving rise to her Title VII claim; and (3) when the EEOC misleads the clamant about the nature of her rights under Title VII.

*Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999). A Title VII claimant bears the burden of justifying equitable tolling. *Id.*

### B. Plaintiff's Failure to Exhaust Administrative Remedies

Plaintiff concedes that she failed to contact an EEOC counselor within forty-five days of her termination notice. She argues, however, that the Court should equitably toll the deadline, because (1) Plaintiff was incapacitated by depression at the time of her termination and therefore incapable of knowing of the applicable time limit, and (2) Plaintiff was misled by the USPS. Equitable tolling is available only in that narrow class of cases in which a plaintiff's failure to comply with a limitation period is not the result of neglect.

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Using this standard, the Court examines, in turn, each of Plaintiff's arguments for equitable tolling.

### 1. Incapacitation by depression.

Plaintiff first contends that she was so severely depressed after her termination that she was "unable . . . to be aware of the 45 day limitation." (Pl.'s Resp. to Def.'s Mot. to Dismiss at 3.) She further argues that the USPS's discrimination against her caused physical and psychological damage that prevented her from complying with the EEOC contact requirement. (*Id.*) Plaintiff's contentions are belied by Plaintiff's own conduct both prior to and immediately after the alleged discrimination.

Plaintiff states that she was, at the time of her termination, under a physician's care, taking prescription medication, and "pro se[ ] and virtually comatose with clinical depression." (*Id.*) At the outset, the Court notes that Plaintiff's lack of legal representation is completely irrelevant to a finding of mental incapacity to comply with EEOC regulations and does not otherwise merit equitable tolling. *See Barrow v. New Orleans Steamship Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991). In addition, the facts that Plaintiff was under medical care and taking medication obviously do not, without more, justify such a finding.

Moreover, Plaintiff's conclusory statement regarding her "comatose" mental state is not adequate evidence to support her claim beyond the summary judgment stage. Indeed, it is demonstrably false. It is undisputed that Plaintiff was not so severely depressed or disabled that she could not "immediately" file a union grievance and proceed to arbitration. (Def.'s Reply, Ex. 2, at 1.) The Fifth Circuit has held that equitable tolling is inappropriate under these circumstances. In *Hood*, the court declined to toll the applicable limitation period, on the ground that the plaintiff had retained counsel within the prescribed time, thereby "indicat[ing] that her mental state did not

prevent her from pursuing her legal rights under Title VII during the filing period." 168 F.3d at 233. Similarly, in this case, Plaintiff's immediate initiation of a union grievance proceeding demonstrates her ability to avail herself of Title VII enforcement procedures, including EEOC counseling, within forty-five days of her termination. Equitable tolling is, therefore, unjustified by Plaintiff's claim of mental incapacity.

### 2. Misinformation by the USPS.

Plaintiff also alleges that her union representative misled her regarding the actions necessary to protect her rights, and that "the Postal Service assured Plaintiff they would assist her and then failed to do so." (Pl.'s Resp. at 3.) Plaintiff's only apparent support for these assertions is her claim that the union representative advised Plaintiff to "wait on [an] EEO complaint of retaliation, because she felt that [the steward assigned to pursue Plaintiff's grievance] would be able to have the removal reversed." (Def.'s Reply, Ex. 2, at 1.) According to Plaintiff, this advice "made perfect sense . . . because [Plaintiff] knew [that] the removal was subject to attack and possibly could be reversed, *making an EEO charge unnecessary*." (*Id.* (emphasis added).)

Plaintiff's own statements make clear not only her awareness that the EEOC had jurisdiction over her claims but also her conscious and voluntary decision to refrain from contacting the EEOC until the resolution of her internal grievance proceeding. In addition, Defendant has offered summary judgment evidence demonstrating that Plaintiff was not vulnerable to trickery, having previously filed several EEOC complaints and thereby become intimately familiar with the applicable time periods. (*See* Def.'s Reply, Ex. 6.) Equitable tolling is inappropriate under these circumstances.

**CONCLUSION**

Plaintiff has failed to produce admissible evidence demonstrating a genuine issue of material fact as to whether (1) she was mentally incapable of complying with Title VII's exhaustion requirement or (2) Defendant's misconduct prevented her from complying with the requirements. Defendant's motion for summary judgment is therefore **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 1st day of March, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**